UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

ISRAEL HERNANDEZ

Plaintiff(s),

v.

FORD MOTOR COMPANY, et al.

Defendant(s).

Case No.  2:18−cv−01546−DSF−AS

STANDING ORDER
FOR CASES ASSIGNED TO
JUDGE DALE S. FISCHER

**READ THIS ORDER CAREFULLY. IT CONTROLS THIS CASE AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

COUNSEL FOR PLAINTIFF SHALL IMMEDIATELY SERVE THIS ORDER ON ALL PARTIES, INCLUDING ANY NEW PARTIES TO THE ACTION. IF THIS CASE WAS REMOVED FROM STATE COURT, THE DEFENDANT THAT REMOVED THE CASE SHALL SERVE THIS ORDER ON ALL OTHER PARTIES.

PLAINTIFFS WHO HAVE ELECTRONICALLY FILED A COMPLAINT AND HAVE BEEN ASSIGNED TO JUDGE FISCHER ARE ORDERED TO PROVIDE A PAPER COPY OF THE CONFORMED COMPLAINT

\\\

1 | TO JUDGE FISCHER'S BOX ACROSS FROM THE CLERK'S OFFICE ON

2 | THE FOURTH FLOOR OF THE FIRST STREET COURTHOUSE.

3 | **COUNSEL MUST ADVISE THE COURT IMMEDIATELY IF THE**

4 | **CASE OR ANY PENDING MATTER HAS BEEN RESOLVED.**

5 | Both the Court and counsel bear responsibility for the progress of litigation in

6 | federal court. To "secure the just, speedy, and inexpensive determination" of this

7 | case, Fed. R. Civ. P. 1, all counsel are ordered to become familiar with the Federal

8 | Rules of Civil Procedure ("Rule __"), the Local Rules of the Central District of

9 | California ("Local Rule __"), the General Orders of the Central District, and the

10 | Judge's Procedures and Schedules found on the website of the United States

11 | District Court for the Central District of California at www.cacd.uscourts.gov,

12 | Judicial Services, Judge's Procedures and Schedules.

13 | IT IS ORDERED:

14 | **1. <u>Presence of Lead Counsel</u>**

15 | **Lead trial counsel shall attend any proceeding <u>set by this Court</u>, including**

16 | **all scheduling, pretrial, and settlement conferences. Only <u>ONE</u> attorney for a**

17 | **party may be designated as lead trial counsel unless otherwise permitted by**

18 | **the Court. Unless lead counsel's absence is excused by the Court for good**

19 | **cause in advance of the hearing, or is due to an emergency that prevented prior**

20 | **notice, the Court reserves the right to designate the attorney handling such**

21 | **proceeding as lead counsel for all purposes. The Court does not allow**

22 | **appearances by telephone. Failure of lead counsel to appear will be grounds**

23 | **for sanctions.**

24 | **2. <u>Discovery and Discovery Cut-off</u>**

25 | a. <u>Compliance with Rule 26(a)</u>:  The Court encourages counsel to agree to

26 | begin to conduct discovery actively before the scheduling conference. The parties

27 | should comply fully with the letter and spirit of Rule 26(a) and obtain and produce

28 | most of what would otherwise be produced in the early stages of discovery. At the

1  scheduling conference the Court will impose strict deadlines for completion of

2  discovery. Inability to complete discovery within the deadlines set at the conference

3  will not constitute grounds for a continuance in the absence of good cause.

4      b.  <u>Discovery Motions</u>:  Counsel are expected to resolve discovery disputes

5  among themselves in a courteous, reasonable, and professional manner. All

6  discovery matters have been referred to the assigned magistrate judge. All discovery

7  documents must include the words "DISCOVERY MATTER" in the caption to

8  ensure proper routing. Counsel are directed to contact the magistrate judge's

9  courtroom deputy clerk to schedule matters for hearing. Counsel should not deliver

10  Chambers copies of these documents to this Court.

11      **3.  <u>E-Filing Requirements</u>**

12      a.  <u>Applicable Rules</u>:  Counsel shall e-file all filings pursuant to the applicable

13  Federal Rules, Local Rules, and General Orders. Improperly filed documents may

14  be stricken, or other sanctions may be imposed.

15      b.  <u>Proposed Orders</u>:  **Proposed orders must be on pleading paper and**

16  **should not contain attorney names, addresses, etc. on the caption page, should**

17  **not contain a footer with the document name or other information, and should**

18  **not contain a watermark or designation of the firm name, etc. in the margin.**

19  **Documents that do not meet this requirement may be stricken. The subject line**

20  **of the email containing the proposed order must be in the following format:**

21  **division, year, case type, case number, document control number assigned to**

22  **the main document at the time of filing, judge's initials, and filer (party) name.**

23  **Failure to comply with this requirement may result in the denial or striking of**

24  **the request, or the Court may withhold ruling on the request until the Court**

25  **receives the required documents.**

26      c.  <u>Mandatory Paper Chambers Copies</u>: Paper Chambers copies of all e-filed

27  documents (except proofs of service) must be delivered to Judge Fischer's box on

28  the Fourth Floor of the First Street Courthouse. All exhibits, including exhibits to

declarations and requests for judicial notice must be tabbed. **Documents will not be considered until paper Chambers copies are submitted, so paper Chambers copies of all documents for which priority processing is requested should be submitted on the same day as the filing.** For security reasons, documents should be removed from envelopes. **Attach the notice of e-filing to the BACK of the paper Chambers copy (AFTER THE BLUEBACK) with a paper clip, not a staple.** Paper Chambers copies delivered by Federal Express should **not** require the signature of the recipient. Paper Chambers copies are mandatory. Sanctions may be imposed for failure to provide properly prepared paper Chambers copies, including striking the document.

d. Under Seal Pilot Project Requirements:  Judge Fischer is participating in a pilot program regarding the submission of sealed documents. For detailed instruction for submission of documents to be filed under seal, please refer to the judge's pilot program procedures on the Court's website at www.cacd.uscourts.gov.

**4. Proposed Protective Orders and Filings Under Seal**

Proposed protective orders pertaining to discovery must be submitted to the assigned magistrate judge. Proposed protective orders should not purport to allow, without further order of Judge Fischer, the filing under seal of pleadings or documents filed in connection with a dispositive motion (including a class certification motion) or trial before Judge Fischer. The existence of a protective order does not alone justify the filing of pleadings or other documents under seal, in whole or in part.

For filing documents under seal, please see the Court's detailed Standing Order re Sealed Documents available at www.cacd.uscourts.gov.

**5. Motions - General Requirements**

a. Time for Filing and Hearing Motions:  This Court hears motions on Mondays, beginning at 1:30 p.m. If Monday is a court holiday, motions will be heard on the next Monday. If the motion date selected is not available, the Court

1  will issue a minute order continuing the date. Opposition papers due on a Monday

2  holiday may be filed the following Tuesday. In such cases, reply papers may be

3  filed on the next Tuesday.

4      Adherence to the timing requirements is mandatory for Chambers' preparation

5  of motion matters. The parties may stipulate to a different briefing schedule, so long

6  as the schedule provides at least two weeks between the filing of the reply and the

7  hearing date.

8      **If the parties are able to resolve the issue, or if a party intends to withdraw**

9  **or declines to oppose a motion, the party(ies) must notify the court as**

10  **soon as possible, but no later than seven days before the hearing date. Failure**

11  **to oppose a motion will likely result in the motion being granted immediately**

12  **after the opposition would have been due.**

13      b.  <u>Pre-filing Requirement</u>:  Counsel **must** comply with Local Rule 7-3, which

14  requires counsel to engage in a pre-filing conference "to discuss thoroughly . . . the

15  substance of the contemplated motion and any potential resolution." Counsel

16  should discuss the issues to a sufficient degree that if a motion is still necessary,

17  the briefing may be directed to those substantive issues requiring resolution by

18  the Court. **The *pro per* status of one or more parties does not eliminate this**

19  **requirement. Failure to comply with this Rule will be grounds for sanctions.**

20  **If fault is attributed to the moving party, the Court may decline to hear the**

21  **motion.**

22      c.  <u>Length and Format of Motion Papers</u>:  Memoranda of points and

23  authorities in support of or in opposition to motions shall not exceed 25 pages.

24  Replies shall not exceed 12 pages. Only in rare instances and for good cause shown

25  will the Court grant an application to extend these page limitations. **All** exhibits

26  must be separated by a tab divider on the right or bottom of the document. If

27  documentary evidence in support of or in opposition to a motion exceeds 50 pages,

28  the evidence submitted to Chambers must be in a separately bound and tabbed

1   pleading and include a Table of Contents. If such evidence exceeds 200 pages,

2   the Chambers copy of such evidence shall be placed in a Slant D-Ring binder,

3   including a Table of Contents, with each item of evidence separated by a tab divider

4   on the right or the bottom. All documents contained in the binder must be three-hole

5   punched with the oversized 13/32' hole size, not the standard 9/32' hole size. Failure

6   to comply with this requirement may result in the Court striking the motion or

7   declining to consider the exhibits.

8       d. <u>Citations to Authority</u>:  Citations to case law must identify not only the

9   case cited, but the specific page referenced. When citing to legal databases (which

10  is not encouraged), whenever possible cite to Westlaw rather than Lexis.

11      Statutory references should cite to the United States Code and not solely a

12  section of a particular act. Citations to treatises, manuals, and other materials should

13  include the volume, section, and pages being referenced. If these are not readily

14  accessible, copies should be attached. This is especially important for historical

15  materials, *e.g.*, older legislative history.

16      Citations that support a statement in the main text must be included in the

17  main text, not in footnotes.

18      e. <u>Telephone Inquiries</u>:  Telephone inquiries regarding the status of a motion,

19  stipulation, or proposed order will receive no response.

20      **6. <u>Specific Motion Requirements</u>**

21      a. <u>Motions Pursuant to Rule 12</u>:  Motions to dismiss are strongly discouraged.

22  Many motions to dismiss or to strike can be avoided if the parties confer in good

23  faith (as required under Local Rule 7-3), especially for perceived defects in a

24  complaint, answer, or counterclaim that could be corrected by amendment. *See*

25  *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996) (where a motion to dismiss is

26  granted, a district court should provide leave to amend unless it is clear that the

27  complaint could not be saved by any amendment).

28      If the Court grants a motion to dismiss without prejudice to filing an amended

complaint, the plaintiff shall file an amended complaint within the time period specified by the Court. A "redlined" version of the amended complaint shall be delivered to Chambers indicating all additions and deletions to the prior version of the complaint. If no time period is specified by the Court, plaintiff shall file the amended complaint within 21 calendar days of the date of the order granting leave to file an amended complaint. Unless the action is one for which the complaint may be electronically filed, the amended complaint must be submitted in paper form to the clerk's office (not to Judge Fischer's CRD), and an electronic version must be submitted withing 48 hours. Failure to file an amended complaint within the time allotted will result in dismissal of the action with prejudice.

b. <u>Motions to Amend a Complaint, etc.</u>:  The motion must state the effect of the amendment, and must state the page, line numbers and wording of any proposed change or addition of material. In addition to the requirements of the Local Rules, all amended pleadings shall be serially numbered to differentiate the amendment from previous amendments. If permitted, the amended complaint must be filed as described in the previous subsection.

c. <u>Motions for Summary Judgment</u>:  Please refer to Judge Fischer's Standing Order re Motions for Summary Judgment at www.cacd.uscourts.gov.

**7. <u>Proposed Orders</u>**

Each party filing or opposing a motion or seeking the determination of any matter shall serve and lodge a Proposed Order setting forth the relief or action sought and a brief statement of the rationale for the decision with appropriate citations. The proposed order must be in the form described in paragraph 5.c.

**8. <u>Telephonic Hearings</u>**

The Court is unlikely to agree to a telephonic appearance in the absence of extraordinary circumstances preventing counsel from appearing in person.

**9. <u>Ex Parte Applications</u>**

Ex parte applications are solely for extraordinary relief and are rarely justified.

1   *See Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488

2   (C.D. Cal. 1995). Applications that fail to conform to Local Rules 7-19 and 7-19.1,

3   including a statement under oath about service and opposing counsel's position, will

4   not be considered. The moving party shall electronically serve the opposing party,

5   if permitted, and shall also advise by telephone that such service has been made. If

6   the opposing party has not agreed to electronic service, the moving papers must be

7   faxed, if a facsimile number has been provided. Moving party shall also notify the

8   opposition that opposing papers must be filed no later than 24 hours (or one court

9   day) following such service. Failure of the opposing party to accept electronic

10  service or to provide a facsimile number will not extend this time period. If

11  opposing counsel does not intend to oppose the ex parte application, counsel must

12  advise the courtroom deputy clerk by telephone and Chambers e-mail. A paper

13  Chambers copy of moving, opposition, or notice of non-opposition papers must be

14  hand-delivered to Judge Fischer's courtroom deputy clerk. The Court considers ex

15  parte applications on the papers and usually does not set these matters for hearing.

16  The application will not be considered until the paper Chambers copy has been

17  provided. Sanctions may be imposed for misuse of ex parte applications.

18      **10. <u>Applications or Stipulations For Extension of Time</u>**

19      No stipulation extending the time to file any required document or to continue

20  any date is effective until and unless the Court approves it, or unless the Federal

21  Rules of Civil Procedure provide for an automatic extension. Both applications and

22  stipulations must set forth:

23      a.  The existing due date or hearing date, the discovery cut-off date, the last

24  day for hearing motions, the pretrial conference date and trial date;

25      b.  Specific reasons (contained in a detailed declaration) supporting good

26  cause for granting the extension or continuance. (A statement that an extension

27  "will promote settlement" is insufficient. The requesting party or parties must

28  indicate the status of ongoing settlement negotiations. The possibility of settlement

ordinarily will not be grounds for continuance.);

c.  Whether there have been prior requests for extensions, and whether these requests were granted or denied by the Court; and

d.  A description of the diligence of the party seeking the continuance and any prejudice that may result if the continuance is denied.

The request must be made before the date to be continued. The Court grants continuances only on a showing of good cause. Failure to comply with the Local Rules and this Order will result in rejection of the request without further notice to the parties.

**11.  TROs and Injunctions**

Parties seeking emergency or provisional relief shall comply with Rule 65 and the Local Rules. The Court generally will not rule on any application for such relief for at least 24 hours (or one court day) after the party subject to the requested order has been served, unless service is excused. The opposing party may file position papers in the interim. See also Ex Parte Applications, *supra*.

**12.  Cases Removed From State Court**

If, before a case was removed, a motion was pending in state court, it must be re-noticed in accordance with Local Rule 7. If a removed action contains a "form pleading" *i.e.* a pleading in which boxes are checked, the party or parties that filed the form pleading must file an appropriate pleading with this Court within 30 days of receipt of the notice of removal. This pleading must comply with the requirements of Rules 7, 7.1, 8, 9, 10, and 11.

**13.  Status of Fictitiously Named Defendants**

This Court adheres to the following procedures when a matter is removed to this Court on diversity grounds with fictitiously named defendants referred to in the complaint. *See* 28 U.S.C. §§ 1441(a) and 1447.

a.  Plaintiff shall ascertain the identity of and serve any fictitiously named defendants before the date of the Rule 16(b) scheduling conference. The Court

1    generally will dismiss Doe defendants on the date of the scheduling conference, as

2    they prevent the Court from accurately tracking its cases.

3        b.  If plaintiff believes (by reason of the necessity for discovery or otherwise)

4    that fictitiously named defendants cannot be fully identified within that period, a

5    request to extend the time must be made in the Joint Rule 26 Report. Counsel

6    should be prepared to state the reasons why fictitiously named defendants have

7    not been identified and served.

8        c.  If a plaintiff wants to substitute a defendant for one of the fictitiously

9    named defendants, plaintiff shall first seek the consent of counsel for all defendants

10   (and counsel for the fictitiously named party, if that party has separate counsel). If

11   consent is withheld or denied, plaintiff should file a motion on regular notice. The

12   motion and opposition should address whether the matter should thereafter be

13   remanded to the superior court if diversity of citizenship is destroyed by the

14   addition of the newly substituted party. *See* 28 U.S.C. §1447(c) and (e).

15       **14.  ERISA Cases Concerning Benefit Claims**

16       The Court will hear motions to determine the standard of review, whether

17   discovery will be permitted, and the scope of the administrative record. There will

18   be a court trial (usually confined to oral argument) on the administrative record.

19   Counsel are discouraged from filing motions for summary judgment or partial

20   summary judgment on any other issue. If they choose to do so, they must

21   distinguish *Kearney v. Standard Insurance Co.*, 175 F.3d 1084, 1095 (9th Cir.

22   1999) in the moving papers and explain why summary judgment is not precluded.

23       **15.  Communications with Chambers**

24       Counsel shall not attempt to contact the Court or its Chambers staff by

25   telephone or by any other ex parte means. Counsel may contact the **courtroom**

26   **deputy clerk** with **appropriate** inquiries. To facilitate communication with the

27   courtroom deputy clerk, counsel should list their e-mail addresses and facsimile

28   transmission numbers along with their telephone numbers on all papers.

**16. Parties Appearing *in Propria Persona***

*Pro per* litigants are required to comply with all local rules, including Local Rule 16. In this Order, the term "counsel" includes parties appearing *in propria persona*. Only individuals may represent themselves.

**17. "Notice of Unavailability"**

While the Court expects that counsel will conduct themselves appropriately and will not deliberately schedule Court or other proceedings when opposing counsel are unavailable, a "Notice of Unavailability" has no force or effect in this Court. Such documents should not be filed.

**CAVEAT:  IF COUNSEL FAIL TO FILE THE REQUIRED JOINT RULE 26(f) REPORT, OR THE REQUIRED PRETRIAL DOCUMENTS, OR IF COUNSEL FAIL TO APPEAR AT THE SCHEDULING CONFERENCE, THE PRETRIAL CONFERENCE, OR ANY OTHER PROCEEDING SCHEDULED BY THE COURT, AND SUCH FAILURE IS NOT SATISFACTORILY EXPLAINED TO THE COURT: (1) THE CAUSE SHALL BE DISMISSED FOR FAILURE TO PROSECUTE, IF SUCH FAILURE OCCURS ON THE PART OF THE PLAINTIFF, (2) DEFAULT (AND THEREAFTER DEFAULT JUDGMENT) SHALL BE ENTERED IF SUCH FAILURE OCCURS ON THE PART OF THE DEFENDANT, OR (3) THE COURT MAY TAKE SUCH ACTION AS IT DEEMS APPROPRIATE.**

DATED: February 27, 2018                    /s/ *Dale S. Fischer*
                                            Dale S. Fischer
                                            United States District Judge